# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6813 | **DATE** | 2/7/2012 |
| **CASE TITLE** | Powell vs. XO Services, Inc. Et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to amend his complaint [62] is granted. Any motion for summary judgment to be filed by April 30. 2012; Response by May 24, 2012, reply by 6/8/2012, and Ruling set for 7/9/12 at 9:30 a.m.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

    Plaintiff's motion for leave to amend his complaint is granted. Defendants' arguments that plaintiff has brought the motion in bad faith, for dilatory purposes, or after an undue delay are unpersuasive, as is their argument that they would be unduly prejudiced by allowing the amendment. Plaintiff's amended complaint simply is not the "watershed" event defendants make it out to be. I understand the amended complaint to assert defamation and tortious interference with prospective economic advantage based on Gentles's verbal publication, on January 6 and 7, 2010, of certain statements handwritten in the margins of the Nash-Edwards report. As defendants acknowledge, these statements have been the focus of this litigation all along: In their own words, "[d]efendants have been defending this case on the allegations of the purported circulation of the Handwritten Notes." Def.'s Opp., 10.

    Defendants also argue that the amendment would be futile because the amended claims could not survive summary judgment, citing *Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910 (7th Cir. 2007). Indeed, the bulk of their futility argument is premised on evidence produced during discovery. I agree that this evidence supports defendants' argument that no statement actionable as defamation was ever published, and I do, indeed, have some doubt as to whether plaintiff will ultimately be able to identify evidence sufficient to enable a reasonable fact-finder to find in his favor. But, as the Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." (Quotation marks and citation omitted). Because, unlike in *Sound of Music*, no motion for summary judgment has been filed or briefed in this case, plaintiff has not had the opportunity to present whatever evidence he may have to show the existence of a genuine dispute of material fact.

| STATEMENT |
|---|

As Judge Cole explained in *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94-95 (N.D. Ill. 2008) (Cole, MJ), "[o]f course an amendment is futile if it would not survive a motion for summary judgment," (citing *King ex rel. King v. East St. Louis School Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007)), but that does not mean that "futility is measured by the standards by which a motion for summary judgment under Rule 56 is measured." *Duthie*, 254 F.R.D. at 94. In allowing a motion to amend the complaint in *Duthie*, Judge Cole distinguished not only *King*, but three other Seventh Circuit cases (including *Sound of Music*) in which the court had found futility based on the "capacity to survive summary judgment" standard, noting that in each case, summary judgment had been either granted or briefed. *Id*. at 95 (citing cases). In short, the futility arguments that rely on the record are, in essence, arguments for summary judgment.

Defendants also argue that the amended complaint asserts statements that are not actionable as defamation, either because the statements are not defamatory *per se* or because they are not identified with sufficient specificity. In my previous opinion, I held that certain of Gentles's handwritten statements are actionable. *Powell v. XO Services, Inc.,* 781 F. Supp. 2d 706, 714 (N.D. Ill. 2011). Plaintiff is not required to allege an actionable utterance in every paragraph of his amended complaint, and I understand many of the paragraphs defendants challenge as providing additional context to support those that do. Moreover, plaintiff's amended allegations generally identify the putative defamatory statements with much more specificity than the allegations rejected in defendants' cited authorities. *See Manjarres v. Nalco Co.*, No. 09 C 4689, 2010 WL 918072, at *6 (N.D. Ill. Mar. 9, 2010) (specific statements held to be non-actionable could not be "saved" by general allegation that "additional defamatory statements were made 'at various times in at least 2007 and 2008'"); *Wilton Partners III LLC v. Gallagher*, No. 03 C. 1519, 2003 WL 22880834 (N.D. Ill. Dec. 5, 2003) (directing the defendant to amend, in order to provide additional factual context, allegation that counter-defendant "knowingly and intentionally made false statements about [defendants] to third parties"). And while I do not disagree that allegations pled "on information and belief" after the close of discovery may generally be viewed with some skepticism, in this case I understand the formulation to reflect plaintiff's theory that circumstantial evidence, rather than direct evidence, supports his claim that certain specific defamatory statements were published. Without giving the plaintiff an opportunity to present his evidence, it is too soon to conclude that he could not prevail on such a theory.

Accordingly, the most expedient manner to proceed at this juncture, consistent with the liberal standards of Rule 15(a), is to grant plaintiff's motion to amend and to proceed directly to summary judgment thereafter.[1]

---

1. By agreement, the parties held off taking plaintiff's deposition pending resolution of the pending motion. That deposition may proceed.